```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
BRIDGEPORT HOSPITAL et al.,   )
                              )
        Plaintiffs,           )
                              )
        v.                    )    Civil Action No. 09-1344 (RWR)
                              )
KATHLEEN SEBELIUS,            )
                              )
        Defendant.            )
_____)
```

### MEMORANDUM ORDER

Plaintiffs Bridgeport Hospital and Yale-New Haven Hospital bring this action against Kathleen Sebelius, the Secretary of the U.S. Department of Health and Human Services, for judicial review of a final adverse agency decision on Medicare reimbursement for costs incurred by the hospitals' approved residency training programs between 1998 and 2001.  The Secretary refused to reimburse the plaintiffs for graduate medical education and indirect medical education costs relating to discharges of Medicare beneficiaries who were enrolled in Medical Managed Care plans on the ground that the hospitals were late in furnishing claims to the Secretary's fiscal intermediary.  (See Def.'s Mot. for Stay or for Ext. of Time ("Def.'s Mot.") at ¶ 3.)

In light of the district court's remands to the Secretary of her decisions in Cottage Health System v. Sebelius, 631 F. Supp. 2d 80 (D.D.C. 2009), and Hosp. of Univ. of Pa. v. Sebelius, 634 F. Supp. 2d 9 (D.D.C. 2009) ("HUP"), the Secretary has moved to

stay proceedings in this case, pending the final resolution of Cottage Health Systems and HUP. (Def.'s Mot. at ¶ 12.) The Secretary argues that the legal issues in the remanded cases overlap extensively with the legal issues in this case. Specifically, the plaintiffs in both this case and the remanded cases argue that time limits set forth in 42 C.F.R. § 424.30 et seq. applied to their disputed claims, and the plaintiffs in both cases assert that the Secretary's denial of their claims violated the public protection provision of the Paperwork Reduction Act ("PRA"), 44 U.S.C. § 3512(a). (Def.'s Mot. at 4-5.) Cottage Health Systems and HUP were remanded for further explanation of how and why the Secretary applied the time limits and for an analysis of the PRA claims. The Secretary argues that a stay to permit resolution of the remanded cases would aid in resolving this action and promote judicial economy.

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). A court deciding a contested motion to stay "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. A party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted." Id. at 256.

"Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" IBT/HERE Empl. Representatives' Council v. Gate Gourmet Div. Ams., 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).

The plaintiffs oppose the defendant's motion, arguing that a stay of proceedings in this case would harm their interests but would not promote efficiency or conserve judicial resources because there is a factual dispute in this case that is absent from the remanded cases that make it unlikely that the Secretary's response to the questions presented by the court on remand would be useful in resolving this case. (Pls.' Opp'n at 4, 9-13.) However, a stay of the proceedings in one case is justifiable even where the parallel proceedings "may not settle every question of fact and law," but would settle some outstanding issues and simplify others. Landis, 299 U.S. at 256. As the Secretary points out, determining whether these plaintiffs filed their claims within the applicable time limits could be aided by the Secretary's further explanation in the remanded cases of her interpretation of the exception clause in 42 C.F.R. § 424.30. Therefore, it is hereby

ORDERED that the defendant's motion [11] for a stay pending final resolution of post-remand proceedings in <u>Cottage Health System v. Sebelius</u>, Civil Action No. 08-98 (JDB) and <u>Hospital of the University of Pennsylvania v. Sebelius</u>, Civil Action No. 08-1665 (JDB) be, and hereby is, GRANTED in part.  This case is STAYED and ADMINISTRATIVELY CLOSED pending resolution in the district court of the PRA and time limits issues in the remanded cases.  It is further

ORDERED that the parties be, and hereby are, DIRECTED to file a joint status report and proposed order within 30 days of the resolution in the district court of the PRA and time limits issues in the remanded cases.  It is further

ORDERED that plaintiffs' motion [#16] to expedite be, and hereby is, DENIED as moot.

SIGNED this 10th day of March, 2011.

>                         /s/
> RICHARD W. ROBERTS
> United States District Judge